**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sol Jaffe,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Bank of America Corporation, et. al.,<br><br>　　　　　Defendants. | No. CV-12-139-PHX-GMS<br><br>**ORDER** |

Pending before the Court are: 1) Plaintiffs Motion to Remand (Doc. 4); 2) Merrick Bank's Motion to Dismiss for Failure to State a Claim (Doc. 5); 3) JPMorgan Chase & Company's Motion to Dismiss (Doc. 6); 4) Bank of America Corporation's Motion To Dismiss for Failure to State a Claim (Doc. 7); 5) Plaintiff's Motion for Clarification of Status (Doc. 13); and 6) Plaintiff's Motion To Amend (Doc. 14). For the reasons stated below, Plaintiff's Motion to Remand (Doc. 4) is granted and this case is remanded to state court. The remaining motions are denied as moot.

**ANALYSIS**

"Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any

1  doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
2  (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.
3  1979)). Moreover, "[t]he party asserting jurisdiction has the burden of proving all
4  jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.
5  1990).

## I. Diversity Jurisdiction

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [\$75,000]." *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (citing 28 U.S.C. § 1332(a)); *see also Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support . . . the jurisdictional amount.") (emphasis in original). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [\$75,000]." *Sanchez*, 102 F.3d at 404; *see Valdez*, 372 F.3d at 1117. "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377.

In his Motion to Remand, the Plaintiff asserts under oath that he seeks \$6900 for all the claims in his complaint. Further, as is further discussed below, to the extent that the Plaintiff asserts state tort claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies,"15 U.S.C. § 1681t(b)(F), such claims are preempted by federal law and have already been dismissed by this Court. Therefore, Plaintiff's complaint cannot be one for tort claims that in any way relate "to the responsibilities of

- 2 -

1 persons who furnish information to consumer reporting agencies." To the extent that the
2 possible basis for liability stated in Plaintiff's complaint is limited, so is the realistic prospect
3 for any damages sufficient to meet federal jurisdictional requirements. "If at any time before
4 final judgment it appears that the district court lacks subject matter jurisdiction, the case shall
5 be remanded." 28 U.S.C. § 1447(c). In light of Plaintiff's avowal that his complaint seeks
6 no more than $6900 to resolve all of its claims, this Court lacks jurisdiction. In such
7 circumstances, the amount required to invoke the diversity jurisdiction of the federal courts
8 has not been met.

## II. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Plaintiff's complaint asserts no federal claims. Rather, it asserts state tort claims for intentional infliction of emotional and physical distress, gross negligence, and harassment based upon the false transmission or receipt of information affecting Plaintiff's credit rating. Defendants cannot, with rare exception, appropriate Plaintiff's complaint and assert that it is, in reality, asserting federal claims. They do not successfully do so here because Plaintiff had previously asserted federal claims in a previous action in this court based on the same facts as asserted here, and had those claims dismissed.

Defendants further assert, however, that removal was appropriate because the Federal Fair Credit Reporting Act pre-empts state law claims against credit information furnishers based on alleged injury arising rom the reporting of credit information. *See Buraye v. Equifax,* 625 F. Supp. 2d 894, 900-01 (C.D. Cal. 2008); 15 U.S.C. § 1681t(b)(1)(F). It is, however, settled law "that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in

- 3 -

1  the plaintiff's complaint, and even if both parties concede that the federal defense is the only
2  question truly at issue." *Caterpillar,* 482 U.S. at 393. There is, however, a corollary rule
3  known as the complete pre-emption doctrine. "Once an area of state law has been
4  completely pre-empted any claim purportedly based on that pre-empted state law is
5  considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

7  Defendant Chase asserts that the Federal Fair Credit Reporting Act completely pre-
8  empts all state law claims "relating to the responsibilities of persons who furnish information
9  to consumer reporting agencies." 15 U.S.C. § 1681t(b)(F), and thus pre-empts all of the tort
10 claims asserted by Plaintiff in this case, thus making them federal claims for purposes of
11 removal. While the Court agrees that any claims "relating to the responsibilities of persons
12 who furnish information to consumer reporting agencies" may be completely pre-empted,
13 that is not the only basis on which the Plaintiff asserts his state tort claims.

14 The Court has carefully reviewed the complaint that Defendants seek to remove to
15 determine whether all of the claims it asserts are for torts that would be pre-empted by the
16 Federal Fair Credit Reporting Act. Federal Courts in this circuit are obliged to liberally read
17 a Plaintiff's complaint. It appears to this Court, in engaging in such a reading, that the
18 complaint does not merely allege torts "relating to the responsibilities of persons who furnish
19 information to consumer reporting agencies.' Rather, in addition to alleging that Defendants
20 have committed torts against him that would likely be pre-empted, Plaintiff also alleges that
21 the torts result because certain of the Defendants are attempting to recover debts from him
22 that he does not owe.

23 For example, Plaintiff alleges that Defendants Bank of America and Chase are
24 attempting to "extort monies from him, which he does not owe." Although he alleges the
25 same as to Defendant Merrick, he additionally alleges with respect to it that "they have just
26 begun collection efforts in the face of litigation; and have refused to supply any
27 documentation for their claims. Jaffe has experienced numerous collection phone calls and
28 letters; and the collection process does not stop, because of disputes and/or litigation and/or

- 4 -

1 notices to do so. And they have no documentation to support their claims." With respect to
2 Defendant Portfolio, Plaintiff alleges that it "seems to have bought credit card debt from
3 CAPITAL ONE and HSBC; and has no verification that JAFFE owes anything on said card
4 debts . . . and they are also sending collection letters based upon the disputed debt, for which
5 they have no documentary evidence for (sic)." The complaint further alleges that "the
6 DEFENDANTS are involved in . . . collections. . . . one either does not owe a legal debt or
7 one does owe a legal [debt] . . . and one must have evidence, documentation, before one
8 claims same . . . and/or threatening lawsuits regarding same." He further alleges that
9 Defendants "stated they had a claim, and they had a right to threaten to sue." "The
10 DEFENDANTS continue to send JAFFE dunning letters and threaten to sue him based upon
11 nothing other than that they can."

12 In short, it appears that a fair reading of Plaintiff's complaint demonstrates that the
13 torts he alleges do not result only from activities "relating to the responsibilities of persons
14 who furnish information to consumer reporting agencies," but also from wrongful attempts
15 to collect a non-existent debt. Defendants offer no argument that such claims are also pre-
16 empted by the FDCA or other law.

17 Further, to the extent that Plaintiff's federal claims have already been dismissed by
18 this Court, and a substantial part of the remaining tort law claims are, at any rate, pre-empted
19 by those dismissed federal claims, Defendant Chase identifies no viable remaining claim of
20 Plaintiff that turns on substantial questions of federal law. Therefore, because all of
21 Plaintiff's claims stated against the Defendants are not completely pre-empted, because any
22 federal claims arising from the factual transactions in the complaint have already been
23 dismissed, there is no federal jurisdiction over Plaintiff's complaint, and there is no basis for
24 removal.

25 **IT IS THEREFORE ORDERED** granting Plaintiff's Motion to Remand (Doc. 4)
26 and directing the Clerk of the Court to remand this case to state court.

27 **IT IS FURTHER ORDERED** denying the Motions to Dismiss of Defendants
28 Merrick Bank (Doc. 5), JPMorgan Chase & Company (Doc. 6), and Bank of America

1  Corporation (Doc. 7), as well as Plaintiff's Motion for Clarification of Status (Doc. 13) and
2  Motion To Amend (Doc. 14) as moot.
3       DATED this 14th day of February, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 6 -